■ In the Matter of GARY R. HAYNES, Appellant, v PAUL F. REGAN, as Chairman of the New York State Board of Parole, Respondent.—Judgment of the Supreme Court, Dutchess County, dated June 20, 1975, affirmed, without costs, upon the opinion at Special Term. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.

■ In the Matter of RAYMOND JOHNSON, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of parole, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated February 5, 1975, which, after a hearing, granted the application to the extent of directing respondents to schedule an appearance for petitioner before the board in February, 1976 for parole reconsideration. Judgment affirmed, without costs. Petitioner, while on parole on a robbery sentence imposed in 1964, was arrested upon other charges, which resulted in his conviction thereon and concurrent indeterminate sentences on March 21, 1973 of not more than six years. Upon returning to prison, he owed approximately six years on the prior robbery sentence. On February 20, 1974 he met with the board of parole for the purpose of having a minimum of his incarceration period established. The board fixed the minimum at three years and scheduled its next meeting with petitioner for March, 1976. Petitioner again appeared before the board on December 12, 1974, as one "immediately eligible" for parole, according to the testimony of a parole officer. However, the board adhered to its decision scheduling the next meeting for March, 1976. At the time of his original meeting with the board, petitioner had served over five years on the robbery sentence. Pursuant to section 212 of the Correction Law the board properly fixed a date for reconsideration within 24 months after its denial of parole in December, 1974. Petitioner was not entitled to a credit, under section 212, for time served on the first, the robbery, conviction; nor was he automatically entitled to parole upon his becoming eligible therefor. In addition, petitioner's next appearance before the board of parole will be in February, 1976, as directed in the judgment under review. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.